1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    STRATAS FOODS LLC,                        Case No. 2:24-cv-02414-CSK

12                    Plaintiff,

13           v.                                 ORDER AND FINDINGS AND
                                                RECOMMENDATIONS GRANTING
14    J.B. CUSICK COMPANY, INC.,                PLAINTIFF'S MOTION FOR DEFAULT
                                                JUDGMENT
15                    Defendant.
                                                (ECF No. 12)
16

17

18           Pending before the Court is Plaintiff Stratas Foods LLC's motion for default

19    judgment pursuant to Federal Rules of Civil Procedure 55(b)(2).[1] (ECF No. 12.) This

20    motion was set for hearing for April 22, 2025. (ECF No. 14.) Defendant J.B. Cusick

21    Company, Inc. did not file a response to the motion, nor have they appeared in this case

22    in any way. On May 5, 2025, Plaintiff's motion was taken under submission without

23    argument pursuant to Local Rule 230(g). (ECF No. 17.) For the reasons stated below,

24    the Court recommends Plaintiff's motion for default judgment be GRANTED, and that

25    judgment be entered in favor of Plaintiff.

26    _____

27    [1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A)
         and Local Rule 302(c)(19).

28

                                                1

1

I.    **BACKGROUND**

2

A.    **Factual Background**

3  Plaintiff is a supplier of fats, oils, mayonnaise, dressings, and sauces. Compl.

4  ¶ 10 (ECF No. 1). Defendant is a food brokerage business that supplies its customers

5  with dried fruits, nuts, and seeds. *Id.* ¶ 11. On October 17, 2022, Plaintiff and Defendant

6  entered into a Credit Application, where Defendant agreed "to pay all bills within the

7  stated terms on each invoice, and if not paid on or before said due date are then

8  considered to be delinquent." *Id.* ¶¶ 12, 14; *see* Compl. Exh. 1 (ECF No. 1-1 at 2). The

9  Credit Application also states that Defendant "shall be responsible for all collection costs

10  including attorney's fees and court costs, if any, in connection with the delinquent

11  account." Compl. ¶ 15; *see* Compl. Exh. 1.

12  Between May and June 2024, Plaintiff delivered oil to Defendant and issued three

13  invoices totaling $198,936.00. Compl. ¶¶ 16, 17; *see* Compl. Exh. 2 (ECF No. 1-2 at 2-

14  4).

15  Plaintiff alleges that Defendant accepted delivery of the goods identified in the

16  invoices and received the invoices at or around the time of the invoice dates, but did not

17  pay the price of the invoices. Compl. ¶¶ 21-23. Defendant did not object in writing to the

18  terms of the invoices, there were no defects identified, Defendant did not notify Plaintiff

19  about any defects or nonconformities in the goods, and Defendant did not notify Plaintiff

20  that it was rejecting the goods before the case was filed. *See id.* ¶¶ 24-43. Plaintiff

21  alleges Defendant is liable for no less than $198,936.00, plus prejudgment interest,

22  attorney's fees, and costs. *Id.* ¶ 44.

23

B.    **Procedural Background**

24  Plaintiff filed its Complaint on September 5, 2024 asserting four state law claims:

25  breach of contract, action for the price, account stated, and restitution. Compl. ¶¶ 45-66.

26  On October 31, 2024, Plaintiff filed a motion for alternative service and extension of time

27  to serve process, seeking leave to serve the summons and complaint on Defendant via

28  the California Secretary of State after unsuccessfully attempting to serve Defendant's

registered agent six times. (ECF No. 5.) The Court granted the motion on January 28, 2025, directing Plaintiff to serve Defendant through the California Secretary of State. (ECF No. 7.) On January 31, 2025, Plaintiff filed a declaration of service indicating Defendant was served at the California Secretary of State pursuant to the Court's January 28, 2025 order. (ECF No. 8.) After Defendant failed to appear, Plaintiff filed a request for entry of default against Defendant on March 7, 2025. (ECF Nos. 9, 10.) The Clerk of the Court entered default against Defendant on March 11, 2025. (ECF No. 11.)

On March 13, 2025, Plaintiff moved for default judgment against Defendant and set the motion for hearing on April 15, 2025 before the undersigned. (ECF No. 12). The Court informed Plaintiff that the motion was deficient and must be re-noticed in compliance with Local Rule 230(b). (ECF No. 13.) Plaintiff reset the hearing for April 22, 2025. (ECF No. 14.) Plaintiff served by express overnight delivery the operative motion and supporting documents on Defendant's agent for service of process. (ECF No. 12-9.) Defendant did not respond to the motion for default judgment. *See* Docket.

On April 2, 2025, the Court issued a minute order instructing Plaintiff to serve the motion for default judgment and the Court's minute order on Defendant via the California Secretary of State; vacating the April 22, 2025 hearing; and providing Defendant with another opportunity to respond to the motion. (ECF No. 15.) Plaintiff served the operative motion, supporting documents, and the Court's April 2, 2025 minute order on Defendant via the California Secretary of State on April 3, 2025. (ECF No. 16.) Defendant did not respond to Plaintiff's motion for default judgment or the Court's April 2, 2025 minute order. *See* Docket. On May 5, 2025, the Court issued an order taking Plaintiff's motion under submission. (ECF No. 17.)

## II.    LEGAL STANDARDS

Under Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. *See* Fed. R. Civ. P. 55(a). However, this default does not automatically entitle the plaintiff to a judgment. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F.

3

Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citations omitted). The decision to grant or deny the entry of default judgment is within the district court's discretion. *NewGen, LLC v. Safe Cig, LLC,* 840 F.3d 606, 616 (9th Cir. 2016).

In determining whether to enter default judgment, courts consider the following factors:

    1.  the possibility of prejudice to the plaintiff;

    2.  the merits of the substantive claim(s);

    3.  the sufficiency of the complaint;

    4.  the amount of money at stake in the lawsuit;

    5.  whether there are any disputes of material fact;

    6.  whether the defendant's default was due to excusable neglect; and

    7.  the strong policy favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The Ninth Circuit has long disfavored default judgments, counseling that cases be decided on the merits "whenever reasonably possible." *Id*. at 1472.

Once a default is entered, all well-pled allegations in the complaint regarding liability are deemed true. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). "On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *United States v. Cathcart*, 2010 WL 1048829, at *4 (N.D. Cal. Feb. 12, 2010) (citation omitted). "[I]t follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Necessary facts not contained in the pleadings and claims which are legally insufficient are not established by default. *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). Further, a plaintiff's allegations regarding damages are not deemed true at default, and the plaintiff bears the burden to prove damages with evidence. *See* Fed. R. Civ. P. 55(b)(2)(C); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

1    **III.**    **DISCUSSION**

2        Plaintiff brought four claims against Defendant in its Complaint; however, it

3 appears to only move for default judgment as to its breach of contract claim. *See* Pl. Mot.

4 at 7 (ECF No. 12-1). Therefore, the Court will analyze the motion as to the breach of

5 contract claim only. Plaintiff requests the Court enter judgment in favor of it for

6 $198,936.00, plus $17,095.78 in prejudgment interest, and $538.90 in costs, for a total

7 amount of $216,570.68. *Id.* at 9.

8       **A.**    **Jurisdiction and Service**

9        As a preliminary matter, a court considering whether to enter default judgment

10 must first determine whether it has jurisdiction over both the subject matter and the

11 parties to the case. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

12        The Court has subject matter jurisdiction over this action pursuant to diversity

13 jurisdiction. 28 U.S.C. § 1332. Plaintiff is a Delaware limited liability company with its

14 principal place of business located in Cordova, Tennessee. Compl. ¶ 2. Plaintiff is a

15 50/50 joint venture with ownership between Archer Daniels Midland and Associated

16 British Foods. *Id.* ¶ 3. Archer Daniels Midland is a Delaware corporation with its

17 headquarters located in Chicago, Illinois, and Associated British Foods is a British

18 multinational company with its headquarters in London, England. *Id.* ¶¶ 3-5. Defendant is

19 a California corporation with its principal place of business in Chico, California. *Id.* ¶ 6.

20 The amount in controversy, exclusive of interest and costs, exceeds $75,000. *Id.* at 7.

21        In addition, the Court has personal jurisdiction over Defendant, a California

22 corporation. *See AM Tr. v. UBS AG*, 681 F. App'x 587, 588 (9th Cir. 2017) ("a

23 corporation is typically subject to general personal jurisdiction only in a forum where it is

24 incorporated or where it maintains its principal place of business") (citations omitted).

25        The Court also finds service was proper under Federal Rules of Civil Procedure

26 4(h)(1). Under California law, a corporation may be served by leaving a copy of the

27 summons and complaint during usual office hours in his or her office, with the person

28 who is apparently in charge, and by mailing a copy of the summons and complaint by

1  first class mail. Cal. Civ. Proc. § 416.20(a). A corporation may also be served through

2  the California Secretary of State upon reasonable exhaustion of other provisions. Cal.

3  Corp. Code § 1702(a); *see* Fed. R. Civ. P. 4(h) (corporation may be served in federal

4  judicial district in manner for serving individual as provided by Rule 4(e)(1)); Fed. R. Civ.

5  P. 4(e)(1) (individual may be served by following state law provisions for serving

6  summons in state court). Here, Plaintiff attempted to serve Defendant at its registered

7  agent's address listed with the California Secretary of State six times, and ultimately

8  mailed the documents via first-class mail with pre-paid postage. Pl. Mot. Alt. Service at 4

9  (ECF No. 5-1); Pl. Mot. Alt. Service Exh. 2 (ECF No. 5-4). Pursuant to the Court's

10  January 28, 2025 order, Plaintiff also served Defendant via the California Secretary of

11  State. (ECF No. 8; *see* ECF No. 7.)

12      **B.**   ***Eitel* Factors**

13      For the following reasons, the Court finds that the *Eitel* factors weigh in favor of

14  granting default judgment against Defendant as to the breach of contract claim.

15              1.   <u>Factor One: The Possibility of Prejudice to the Plaintiff</u>

16      The first *Eitel* factor considers whether the plaintiff would suffer prejudice if default

17  judgment were not entered, and such potential prejudice to the plaintiff weighs in favor of

18  granting a default judgment. *See PepsiCo,* 238 F. Supp. 2d at 1177. Here, the Clerk of

19  the Court entered default against Defendant on March 11, 2025 (ECF No. 11), and

20  Defendant has not participated in the litigation despite being served with the Complaint,

21  default judgment motion, and the Court's April 2, 2025 minute order. *See* Docket.

22  Plaintiff would suffer prejudice if the Court did not enter a default judgment because it

23  would be without recourse for recovery. Accordingly, the first *Eitel* factor favors the entry

24  of default judgment.

25              2.   <u>Factors Two and Three: The Merits of the Claim and the Sufficiency</u>

26                    <u>of the Complaint</u>

27      The merits of Plaintiff's substantive claim and the sufficiency of the Complaint are

28  considered together due to the relatedness of the two inquiries. The Court must consider

1    whether the allegations in the Complaint are sufficient to state a claim that supports the

2    relief sought. *See Danning*, 572 F.2d at 1388; *PepsiCo, Inc.*, 238 F. Supp. 2d at 1175.

3    As stated above, the Court is only considering Plaintiff's breach of contract claim

4    because that is the only claim upon which Plaintiff seeks default judgment. *See* Pl. Mot.

5    Here, the merits of the claim and the sufficiency of the Complaint favor entry of default

6    judgment.

7         Federal courts ordinarily apply state law in diversity cases involving contract

8    disputes. *JAE Properties, Inc. v. AMTAC Holdings 2001-XX, LLC*, 716 F. Supp. 3d 918,

9    937 n.17 (S.D. Cal. 2024) (citing *Reliance Finance Corp. v. Miller*, 557 F.2d 674 (9th Cir.

10   1977)); *see Dean v. United of Omaha Life Ins.*, 2007 WL 7079558, at *3 (C.D. Cal. Aug.

11   27, 2007). Though the Credit Application does not contain a choice of law provision,

12   Plaintiff applies California law in their motion for default judgment. *See* Pl. Mot. at 3. The

13   goods at issue were sold to a California corporation, shipped to a location in California,

14   and a substantial part of the events giving rise to Plaintiff's claim occurred in California.

15   *See* Compl. ¶¶ 6, 9; Compl., Exh. 2 (ECF No. 1-2 at 2-4). Accordingly, the Court will also

16   apply California law. To prevail on a breach of contract claim under California law, a

17   plaintiff must establish: "(1) the existence of the contract, (2) plaintiff's performance or

18   excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to

19   the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal.4th 811, 821 (2011). Here,

20   Plaintiff has sufficiently alleged a claim for breach of contract under California law. The

21   Complaint sufficiently alleges Plaintiff entered into a valid agreement with Defendant as

22   to the Credit Application, and that three invoices were issued pursuant to the Credit

23   Application. Compl. Exhs. 1, 2; *see* Compl. ¶ 14. Plaintiff alleges it performed its

24   obligations concerning the goods at issue in the invoices and Defendant failed to pay for

25   the goods, thereby damaging Plaintiff. Compl. ¶¶ 46, 49, 50-51. Plaintiff further alleges

26   that Defendant ordered goods from Plaintiff, and Plaintiff issued invoices to Defendant

27   between May and June 2024 for those goods. *Id.* ¶¶ 17, 18. Plaintiff alleges that it

28   delivered the goods ordered to Defendant, Defendant accepted delivery of the goods,

1   did not pay for the goods, and did not object to the terms of the invoices. *Id.* ¶¶ 20-25.

2   There were no defects or nonconformities in the goods identified, Defendant had the

3   opportunity to inspect the goods when they were delivered, and Defendant did not notify

4   Plaintiff that it was rejecting any of the goods before this case was filed. *Id.* ¶¶ 26-37.

5   Accordingly, Plaintiff has sufficiently pled a meritorious breach of contract claim.

6                    3.    Factor Four: The Sum of Money at Stake in the Action

7           Under the fourth *Eitel* factor, the Court considers the amount of money at stake in

8   relation to the seriousness of Defendant's conduct. *PepsiCo,* 238 F. Supp. 2d at 1176.

9   The sum of money at stake here is reasonable as it is directly connected to the invoices

10  and respective breaches. Accordingly, the fourth *Eitel* factor favors the entry of default

11  judgment.

12                   4.    Factor Five: The Possibility of Dispute Concerning Material Facts

13          The facts of this case are relatively straightforward, and Plaintiff has provided the

14  Court with well-pleaded allegations and documentation supporting its claims. *See*

15  *generally* Compl. Here, the Court may assume the truth of well-pleaded facts in the

16  complaint (except as to damages) following the clerk's entry of default, and thus, there is

17  no likelihood that any genuine issue of material fact exists. *See, e.g., Elektra Entm't*

18  *Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations

19  in a well-pleaded complaint are taken as true after the court clerk enters default

20  judgment, there is no likelihood that any genuine issue of material fact exists."); *accord*

21  *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003);

22  *PepsiCo*, 238 F. Supp. 2d at 1177. Accordingly, the fifth *Eitel* factor favors the entry of

23  default judgment.

24                   5.    Factor Six: Whether Default was Due to Excusable Neglect

25          Upon review of the record before the Court, there is no indication that the default

26  was the result of excusable neglect. *See PepsiCo*, 238 F. Supp. 2d at 1177. Plaintiff

27  served Defendant with the summons and the Complaint. (ECF No. 8.) Plaintiff also

28  served Defendant with its motion for default judgment and with the Court's April 2, 2025

                                                8

minute order. Pl. Mot. Exh. 9; ECF No. 16. Despite ample notice of this lawsuit and Plaintiff's intention to seek a default judgment, Defendant has failed to participate in this action or to defend itself. Accordingly, the sixth *Eitel* factor favors the entry of default judgment.

6.    Factor Seven: The Strong Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. Although the Court is cognizant of the policy favoring decisions on the merits, that policy does not, by itself, preclude the entry of default judgment where a defendant fails to appear or defend itself in an action. *See PepsiCo,* 238 F. Supp. 2d at 1177; *see also Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010).

7.    Conclusion

Upon consideration of the *Eitel* factors, the Court concludes that Plaintiff is entitled to the entry of default judgment against Defendant as to its breach of contract claim. The Court next determines the amount of damages to which Plaintiff is entitled.

**C.    Terms of Judgment**

1.    Principal

As to damages, the principal amount of damages corresponds to the invoices, and $198,936.00 is the appropriate amount of compensatory damages. ECF No. 12-6.

2.    Prejudgment Interest

Prejudgment interest is a substantive part of a plaintiff's claim, and state law generally governs the award of prejudgment interest in diversity actions. *Oak Harbor Freight Lines, Inc. v. Sears Roebuck & Co.*, 513 F.3d 949, 961 (9th Cir. 2008). Prejudgment interest is meant to compensate the plaintiff for the "accrual of wealth" that could have been produced during the period of loss. *Great W. Drywall, Inc. v. Roel Const. Co.*, 166 Cal. App. 4th 761, 767-68 (2008). California law provides for interest at a rate of 10% per annum in contract cases after a breach. Cal. Civ. Code § 3289(b).

Plaintiff seeks to recover prejudgment interest at the rate of 10% per annum

consistent with California law. Pl. Mot. at 9. Plaintiff seeks a total of $17,095.78 in prejudgment interest. *See* Pl. Mot., Exh. 3 (ECF No. 12-7). Plaintiff calculates the prejudgment interest as follows:

| Invoice Date | Invoice Amount | Rate | Daily Rate | # of Days | Estimate | Interest on Invoice |
|---|---|---|---|---|---|---|
| 5/20/2024 | $66,312.00 | 10.0% | $18.17 | 330 | 4/15/2025 | $5,995,33 |
| 6/3/2024 | $66,312.00 | 10.0% | $18.17 | 316 | 4/15/2025 | $5,740.98 |
| 6/24/2024 | $66,312.00 | 10.0% | $18.17 | 295 | 4/15/2025 | $5,359.46 |
| **Total** | **$198,936.00** | | | | | **$17,095.78** |

The Court finds Plaintiff's request for prejudgment interest appropriate, and recommends granting this request.

        3.    Costs

Plaintiff seeks costs under 28 U.S.C. § 1920. Pl. Mot. at 5. Under section 1920, a court may tax as costs clerk fees, transcript fees, printing fees, and docket fees. 20 U.S.C. § 1920. Plaintiff seeks $405.00 for the filing fee for the Complaint and $133.90 for the process server's fee, totaling $538.90. Pl. Mot. at 5. This request is supported by the declaration of David M. Mannion, Plaintiff's counsel. Declaration of David M. Mannion ¶ 10 (ECF No. 12-2). Costs for filing and service fees are properly recoverable by Plaintiff. *See AMUR Equipment Finance, Inc. v. CHD Transport Inc.*, 2017 WL 4577379, at *13 (E.D. Cal. Nov. 15, 2017) (collecting cases). Accordingly, the Court recommends awarding Plaintiff $538.90 in costs.

## IV.   CONCLUSION

For the reasons set forth above, it is HEREBY ORDERED that the Clerk of Court assign a District Judge to this case.

In addition, for the reasons set forth above, it is HEREBY RECOMMENDED that:

1.    Plaintiff's motion for default judgment (ECF No. 12) be GRANTED;

2.    Plaintiff be awarded $198,936.00 for its principal;

1        3.      Plaintiff be awarded $17,095.78 in prejudgment interest; and

2        4.      Plaintiff be awarded $538.90 in costs.

3        These findings and recommendations are submitted to the United States District

4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within

5 14 days after being served with these findings and recommendations, any party may file

6 written objections with the Court and serve a copy on all parties. This document should

7 be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any

8 reply to the objections shall be served on all parties and filed with the Court within 14

9 days after service of the objections. Failure to file objections within the specified time

10 may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449,

11 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

12 Dated:  07/02/25

13

                                   CHI SOO KIM

14                                 UNITED STATES MAGISTRATE JUDGE

15 5, stra.2414.24

16

17

18

19

20

21

22

23

24

25

26

27

28